## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHANNON and GARY VALINOTO h/w**<br>**660 Dori Lane**<br>**Stowe, PA 19464** | DOCKET NO.<br><br>**CIVIL ACTION COMPLAINT** |
| Plaintiffs | |
| vs.<br>**STATE FARM MUTUAL AUTOMOBILE**<br>**INSURANCE COMPANY**<br>**1 State Farm Plaza**<br>**Bloomington, IL 61710** | |
| Defendant | |

## CIVIL ACTION COMPLAINT

1. Plaintiff, Shannon Valinoto (hereinafter referred to as "Ms. Valinoto"), is an adult, individual and citizen of the Commonwealth of Pennsylvania, residing at 660 Dori Lane, Stowe, PA 19464.

2. Plaintiff, Gary Valinoto (hereinafter referred to as "Mr. Valinoto"), is an adult, individual and citizen of the Commonwealth of Pennsylvania, residing at 660 Dori Lane, Stowe, PA 19464.

3. At all times material hereto, Mr. and Ms. Valinoto were lawfully wedded.

4. Defendant State Farm Mutual Automobile Insurance Company (hereinafter referred to as "Defendant" or "State Farm") is, upon information and belief, a corporation or other entity existing under and by virtue of the laws of the State of Illinois with an address at 1 State Farm Plaza, Bloomington, IL 61710.

## ALLEGATIONS OF JURISDICTION AND VENUE

5. Jurisdiction in this matter is based upon diversity of citizenship in accordance with 28 U.S.C. Section 1332.

6. The Plaintiff is seeking damages in excess of $75,000.00 exclusive of interest, costs, and attorneys' fees.

7. The Plaintiffs are citizens of the Commonwealth of Pennsylvania.

8. The Defendant is a citizen of the State of Illinois.

9. The motor vehicle accident at issue in this lawsuit occurred in the City of Reading, Berks County, Pennsylvania.

10. The United States District Court for the Eastern District of Pennsylvania encompasses the County of Berks.

11. Venue is proper in the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. Section 1391(a).

## OPERATIVE FACTS

12. At all times material hereto, Plaintiffs maintained three automobile liability policies with State Farm – policy number 026 1679-E19-38Q (covering three vehicles), policy number 056 3850-E10-38J (covering one vehicle), and policy number 289 7097-F30-38B (covering one vehicle).

13. Between the three policies, Plaintiffs maintained Four Hundred Twenty Five Thousand ($425,000.00) Dollars of Stacked Underinsured Insured Motorist ("UIM") benefits.

14. Copies of the State Farm Declaration Pages are attached hereto as Exhibit "A."

15. Plaintiffs are not in possession of copies of the entire State Farm policies at issue.

16. Upon information and belief, State Farm is in possession of copies of the policies at issue.

17. On or about May 31, 2019, Plaintiff Ms. Valinoto was driving her car on S. 3rd Street in the City of Reading.

18. At the intersection of 3rd and Penn Streets, Ms. Valinoto was in the left-hand turning lane intending to make a left-hand turn onto Penn Street.

19. While Ms. Valinoto was in the left-hand turning lane, a car that was owned, maintained and/or controlled by Ramon Rodriguez violently struck the back left behind the rear wheel of Ms. Valinoto's car.

20. Mr. Rodriguez was attempting to drive straight through the intersection in the left hand only turning lane when he struck Ms. Valinoto's car.

21. There was nothing Ms. Valinoto could have done to avoid the crash.

22. On information and belief, the Reading Police Department found Mr. Rodriguez fully responsible for the crash.

23. On information and belief, the Reading Police Department cited Mr. Rodriguez for the crash.

24. As a direct and proximate result of the negligence, carelessness and/or recklessness of Mr. Rodriguez, Ms. Valinoto suffered injuries that include, but are not limited to, pain, suffering, emotional distress, pain in her neck, headaches, right sided pain and discomfort, a concussion and post-concussion syndrome/disorder, memory loss, difficulty with speech, tinnitus, and loss of balance, some or all of which may be permanent in nature, to her great detriment and loss.

25. As a direct and proximate result of the negligence, carelessness, and/or recklessness of Mr. Rodriguez, Mr. Valinoto has been deprived of the comfort and society of his spouse, some or all of which may be permanent in nature, to his great detriment and loss.

26. Plaintiff brought suit against Mr. Rodriguez in the Court of Common Pleas of Berks County.

27. At the time of the crash Mr. Rodriguez had a policy of liability insurance with the GECIO Advantage Insurance Company, maintaining $50,000.00 of liability coverage.

28. Plaintiff settled his third-party lawsuit against Mr. Rodriguez with State Farm's approval and with State Farm waiving subrogation, via letter sent by State Farm on August 2, 2024.

29. State Farm has been on notice of the Plaintiffs' claims for UIM benefits since August 2, 2024.

30. Despite being placed on notice of the claim for UIM benefits, and despite being on notice that Mr. Rodriguez' liability limits were woefully inadequate to compensate Plaintiffs for the injuries caused by the crash described above, State Farm has not offered sufficient UIM benefits or compensation to Plaintiffs for the serious, permanent, and disabling injuries she sustained in the crash described above.

31. Plaintiffs, through their counsel, have released any and all medical records in counsel's possession regarding this crash and Ms. Valinoto's injuries, but State Farm has still not fully compensated Plaintiffs for the injuries and damages they suffered as a result of the above-referenced crash.

32. Ms. Valinoto presented for a statement under oath, taken by an attorney of State Farm's choosing.

33. Ms. Valinoto is scheduled to be examined by a physician selected by State Farm, in August of 2026.

34. Plaintiffs have, at all times material hereto, complied with the applicable provisions of the State Farm policies at issue yet State Farm still refuses to fairly and appropriately compensate the Plaintiffs for the injuries and damages they suffered as a result of the crash.

## COUNT I – BREACH OF CONTRACT
## <u>SHANNON VALINOTO AND GARY VALINOTO v. STATE FARM MUTUAL</u>
## <u>AUTOMOBILE INSURANCE COMPANY</u>

35. The preceding paragraphs are incorporated by reference as if fully set forth herein.

36. Plaintiffs were, at all times material hereto, insureds under the State Farm policies of insurance described above and as evidenced by the declaration pages attached hereto as Exhibit A.

37. Plaintiffs have complied with all policy provisions and conditions precedent that entitled them to UIM benefits under the State Farm policies described above,

38. State Farm breached its contracts of insurance with its insureds, by, *inter alia*, failing to properly compensate them for their injuries and damages.

39. State Farm breached its contract of insurance with its insureds, by, *inter alia*, failing to properly evaluate their claims, investigate their claims, and to compensate them pursuant to the State Farm policies at issue.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant in an amount sufficient to reasonably and properly compensate them in accordance with all applicable state laws, together with interests, costs and any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

SMITH MIRABELLA BLAKE

By: _____
GREGORY A. SMITH ESQUIRE
KEVIN M. BLAKE, ESQUIRE
Identification Nos.: ##84189/77979

100 N. 20th Street, Suite 303
Philadelphia, PA 19103
(215) 422-4100
gsmith@smblawfirm.com/kblake@smblawfirm.com

Date: May 11, 2026